SIMEON J. DRAKE, APPELLANT, *v.* R. SUYDAM GRANT AND OTHERS, EXECUTORS, ETC, OF WASHINGTON LEE, DECEASED, RESPONDENTS.

*Representations by a director of a company to induce a purchase of its bonds — upon what statements the jury may find him to be liable in damages, if such statements are false.*

APPEAL from a judgment recovered on a trial at the New York Circuit, and from an order denying a motion for a new trial.

The action was brought to recover damages which the plaintiff alleged he had sustained in the purchase of ten bonds of $1,000 each, of the Long Beach Improvement Company. These bonds were sold to him through the agency of the testator, but before the sale took place and to induce the plaintiff to purchase the bonds, it is alleged that the testator made fraudulent representations to him as to the financial condition of the company, and in that manner induced him to become the purchaser of these bonds. The evidence tended very directly to establish the fact that the company was not in solvent circumstances at the time when the negotiations took place, which were followed by the sale of the bonds, and the plaintiff's wife, who was the only witness examined upon this subject, related what she stated that she remembered concerning the interview, in consequence of which the plaintiff purchased the bonds. Her statement, as embodied in the case, was that : " During the evening Mr. Lee asked Mr. Drake how he liked Long Beach. ' He said he was very much pleased with it.' Mr. Lee then remarked : ' It's a delightful place, and you no doubt want to come here every summer with your family, and you ought to have some of these bonds — the first mortgage Long Beach Improvement Company's bonds.' Mr. Drake replied ' that he did not know anything about the bonds— about the investment.' Colonel Lee said, ' you can rely upon me ; I am a director and know all about it ; ' or, in other words, that he had the 'inside track ; ' that was the expression he used ; he also said, ' they are just as good as government bonds ; that the company owned the beach for seven miles, and that it was all in good condition ; some interest had already accrued upon them.' He said also that the company was in good financial condition. He said : ' I

will let you have ten bonds for $9,000;' my husband replied that he had some money that he could invest, and that if he would assure him that the bonds were all right and the company in good condition he would take them, and Mr. Drake remarked: 'I will take ten and let Mr. Dos Passos have five of them.' Mr. Lee replied, 'No; I want Mr. Dos Passos to have ten too.' Mr. Drake said to Mr. Lee, 'send the bonds to my office and you can have a check any time you have a mind to send them,' and Mr. Lee said he would send them at once. Mr. Lee also said in that conversation that some interest had accrued, and they would continue to pay it; he said the company would continue to pay it. Mr. Drake told Mr. Lee that he knew nothing about the condition of the company, and Mr. Lee replied: 'You can rely upon my statements; I know all about it.'"

The court at General Term said: "If these statements were untruthful, and were made to deceive the plaintiff and induce him to make a purchase which he otherwise would not have made, he was entitled to recover the damages sustained by him in the transaction. (*Indianapolis, etc., R. R. Co.* v. *Tyng,* 63 N. Y., 653; *Hubbard* v. *Briggs,* 31 id., 518; *Taylor* v. *Guest,* 58 id., 262.)

"The testator was an active director in the company whose bonds were purchased by the plaintiff, and may well be presumed to have understood the financial condition of the company at the time. (*Gillet* v. *Phillips,* 13 N. Y., 114; *Yates* v. *Alden,* 41 Barb., 172.) The plaintiff, according to the testimony of the witness, wholly relied upon the representations and statements made to him for his information as to the financial condition of the company, and he had the right to do that from the confident and absolute manner in which the statements of the testator were made. At the close of the trial the court was requested by the defendant to charge, and it did charge: 'That statements as to the value of the bonds that they were as good as government bonds, though false, are not actionable, and must not be considered by the jury.' That I charge. That is an opinion—that they were as good as government bonds. Plaintiff duly excepts.

"This direction withdrew what was relied upon as a material misrepresentation made by the testator to the plaintiff in the course of their negotiations. It was not as the court assumed it to be, a mere

opinion expressed by the testator, but it was a fact asserted by him that the bonds which were offered to the plaintiff were as good as government bonds. The intention was to impress the plaintiff with the conviction that they could safely be made the subject of investment on his part, and that the testator knew that to be their character. It accordingly differed from the representation considered in *Chrysler* v. *Canaday* (90 N. Y., 272). But even if it did not, the representation or statement should not have been withdrawn from the consideration of the jury. But the evidence tended to prove that it was understood at the time when it was made that the plaintiff should and did rely upon this as well as the other statements in making the purchase which he made of the bonds, and that he himself possessed no other knowledge or information than was conveyed in this manner of the financial value of the bonds. And when 'there is a want of knowledge by the vendee and the sale is made in entire reliance upon the representations made,' the vendor may be held responsible for damages to which the vendee may be subjected in that manner. (Id., 279.) Certainly, as a material part of the plaintiff's case, this representation should not have been withdrawn as it was from the consideration of the jury. They had evidence before them tending to prove that the representations were materially untrue, and that the testator probably understood that to be their character, and with that evidence the plaintiff had the right to have each of the representations relied upon by him considered by the jury in their deliberations upon the case. This right was defeated by withdrawing this representation from the consideration of the jury, and to correct the error intervening in that manner in the trial."

"The judgment and order should be reversed and a new trial ordered, with costs to abide the event."

*John R. Dos Passos,* for the appellant.

*Horace W. Fowler,* for the respondents.

Opinion by DANIELS, J.; DAVIS, P. J., and BRADY, J., concurred.

Judgment and order reversed and new trial granted, costs to abide event.